CHARLES S. BUCKLEY

*v.*

STATE OF ILLINOIS.

*Opinion filed December 11, 1916.*

1. INHERITANCE TAX—*when no refund will be made.* Where an inheritance tax is fixed by the county judge, and the same paid, no appeal being taken, an award will be refused.

2. SAME—*is a tax upon what.* An inheritance tax is a tax upon the right of succession, and not upon the estate of the decedent.

3. SAME—*not affected by agreements among heirs, etc.* Agreements among those who succeed to an estate will not affect the tax.

4. SAME—*facts held not sufficient to justify an award.* In this claim the tax was fixed by the county judge and the same paid. Later, in a collateral proceeding in a foreign state a consent decree was entered, whereby, claimant took a greater estate which was liable to a tax as devised but would not be liable to a tax as determined by the decree. *Held,* no refund could be allowed.

5. JURISDICTION—*court has equitable jurisdiction of what.* The Court of Claims possesses equitable jurisdiction but in exercising the same it is governed by legal principles.

Oscar F. Zipf, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant is a son of Lile Sabin Buckley, deceased, who died on November 28, 1912, in St. Cloud, Kansas, leaving a last will and testament. Said will, after a minor bequest, left the bulk of the estate, amounting to $22,545.29, to the National Amreican Woman's Suffrage Association.

The will was admitted to probate in the Probate Court of St. Cloud County. It was contested by claimant in the District Court of St. Cloud County, and a decree was entered in that Court by agreement of the parties, which decree finds that the will "is her last will and testament, and that the same should stand as made, subject to the conditions and finding hereinafter set forth." The Court also found that "by agreement between the parties hereto appearing, the real estate belonging to deceased at the time of her death, should be and become the property of the plaintiff." And it was further found that the title to the real estate described in the decree should be quieted in the said Buckley, that the administrator with the will annexed should pay one-half of the estate in cash to the National American Woman's Suffrage Association, figuring the real estate at $10,500.00, and the remaining one-half to Buckley.

On April 26, 1913, the County Judge of Stephenson County, Illinois, appointed an inheritance tax appraiser, who found an estate with taxable cash value of $2,000.00, as the property of J. L. Kamrar, a lega-

tee, the tax on which at 3% was $60.00, and the balance of the estate was valued at $22,549.29, and was determined to be the property of the National American Woman's Suffrage Association, and the tax fixed at 5%, or $1,127.26. The total tax recommended was $1,187.26. This finding of the appraiser was approved by the County Judge. On July 7, 1913, the administrator paid the said tax with interest from November 28, 1912, a total of $1,230.50.

Claimant now seeks to recover back so much of the tax as applied to that part of the estate which he acquired in the settlement with the National American Woman's Suffrage Association. This amount, which he claims he is entitled to recover, is $584.34. He contends that the amount of the estate which he obtained in his settlement, being less than $20,000.00, that no tax should have been levied. He also claims that the amount received by him was a beneficial interest in his mother's estate, and that it is immaterial how he got it, whether directly or indirectly, and asserts that "it was an amicable, equitable settlement, made by the decree of a Court of Record." It will be observed that the tax was paid on July 7, 1913. The order of the Probate Court of St. Cloud County, Kansas, was entered on July 12, 1915, over two years after the tax had been paid. Claimant states that afterwards he "took a survey of the situation and found that although exempt from paying any tax, he had in fact paid the sum herein mentioned." Claimant contends also that he is entitled to recover by virtue of the Court of Claims Act, which provides for the hearing and determination of unadjusted claims by this Court; that he does not seek to recover by virtue of either sertions 10 or 25 of the inheritance tax law; that he does not seek to recover under any express provision of the Revenue Act, but bases his claim to recover solely on his legal and equitable right to the money which the State now holds for his use.

The State, on the other hand, contends that the order of the County Judge of Stephenson County is final; that it is a judgment, and no appeal having been taken, that it must be recognized as a final judgment; that the proceeding here is collateral, and that the judgment of the County Judge of Stephenson County cannot be set aside in this proceeding; and that the inheritance tax is fixed as of the date of the death of the person.

Claimant, on the other hand, contends that this proceeding is not one to vacate or attack the judgment of the County Court of Stephenson County, but is an original proceeding of which this Court has jurisdiction, and appeals to the equitable jurisdiction of this Court.

We have heretofore held in many cases that we will not disturb the findings of the County Judge where no appeal has been taken to the County Court, and an order therein entered modifying or setting aside the judgment of the County Judge. But, claimant contends that the case before us is one of a different nature wherein this rule is not applicable. If it be granted that this is true, we must consider the circumstances under which the order of the District Court of St. Cloud County, Kansas, was entered, and the nature of the order. This was an order entered by agreement of the parties, as appears upon its face. It did not set aside the will of decedent. It finds that the parties had

entered into an agreement or a settlement whereby claimant here acquired title to part of the estate devised under the will. Had the case been actually tried in the District Court, and had the will been set aside, we would have an entirely different question confronting us. It is immaterial how claimant acquired the title to the property he had acquired so long as it is apparent that the will of the decedent was found to be her will. The case might have been settled by the giving of a deed or the turning over of money and the taking of a release, as well as in the way that it was settled. What purpose of the parties may have been in effect the settlement, we do not know, nor is it material. The fact remains that claimant's testimony shows that the title to all the property of the decedent, except minor legacies, vested in the devisee under the will. He afterwards received some of the property by agreement with the devisee. If claimant here is entitled to a refund, then it appears to us that an utter stranger to the proceedings who may eventually have acquired some of this property from the devisee would, with like show of reason, be entitled to a refund, if the rate of taxation were smaller, or if such person were entitled to exemptions. The Supreme Court of this State in *In Re Estate of Henry Graves, Deceased*, 242 Ill. at page 216, has said: "The tax is not upon the estate of the decedent, but upon the right of succession, and it accrues at the same time the estate vests,—that is, upon the death of the decedent. Questions may arise as to the persons in whom the title vests, and such questions may affect the amount of the tax and the persons whose estate shall be charged with it; but when those questions are finally determined, their determination relates to the time of the decedent's death. No changes in title, transfers or agreements, of those who succeed to the estate, among themselves, or with strangers, can affect the tax." In that case the Supreme Court pointed out that the contestant did not receive her interest in the estate as an heir. "No beneficial interest passed to her under any statute. The money was paid to her by virtue of a contract with the heirs. Henry Graves died testate. His will disposed of all his estate. The whole of the residuary estate vested at the instant of his death in the residuary legatee. The inheritance tax was then due and payable. The beneficial interest in the property then passed to the legatees and their succession gave rise to the tax. Subsequent events did not affect it." The language of the Supreme Court in that case aptly fits the cast at bar. If claimant took as heirs, he was entitled to all of the estate. The District Court found that he took what he did merely by agreement with the devisee. Clearly, he has no claim upon the State of Illinois for a refund, the estate upon which the tax was paid having been legally and properly, so far as any evidence in this case shows, the property of the National American Woman's Suffrage Association. In the case of *People* v. *Union Trust Company*, 255 Ill. 182, the Supreme Court said: "If, in order to avoid litigation, the legatees, contestants and others in interest under the will compromised their claims, the concessions made, while binding upon the parties, take effect under the agreement, and are not a modification of the will or rights under it or under the inheritance laws of the State."

It is the judgment of this Court that the claim be denied.